Appeal from a judgment of the United States District Court for the Southern District of New York. The district court granted the defendants’ motion for summary judgment in this employment discrimination and retaliation action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the New York State and City Human Rights Laws. The court concluded that, assuming the plaintiffs had made out a prima facie case of discrimination, the defendants proffered sufficient evidence that the plaintiffs had been discharged because of unsatisfactory performance or the elimination of their jobs, and the plaintiffs proffered insufficient evidence that those reasons were pretext for discrimination. It concluded too that plaintiffs Ledlum and Smith had *141 failed to establish a prima facie case of retaliation.
We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented for review.
“We review de novo a district court’s grant of summary judgment.” Coan v. Kaufman, 457 F.3d 250, 254 (2d Cir.2006). “[Cjonstruing the evidence in the light most favorable to the nonmoving party,” Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir.2003), we may affirm only “if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law,” Fed.R.Civ.P. 56(c). “[A] fact is ‘material’ if it ‘might affect the outcome of the suit under the governing law.’ ” Mitchell, 350 F.3d at 47 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). “A fact issue is ‘genuine’ if ‘the evidence is such that a reasonable jury could return a verdict for the nonmoving party.’ ” Id.
“The ultimate issue in an ADEA case is whether the plaintiff has proved by a preponderance of the evidence that ‘her age played a motivating role in, or contributed to, the employer’s decision.’ ” Holtz v. Rockefeller & Co., 258 F.3d 62, 76 (2d Cir.2001) (quoting Renz v. Grey Advert, Inc., 135 F.3d 217, 222 (2d Cir.1997)). The ultimate issue in a Title VII discrimination case is whether the plaintiff has proved by a preponderance of the evidence “that the employer’s determination was in fact the result of racial [or, as relevant here, gender] discrimination.” Holcomb v. Iona College, 521 F.3d 130, 138 (2d Cir.2008).
In either type of antidiscrimination action, the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), burden-shifting framework applies. Holtz, 258 F.3d at 76; Holcomb, 521 F.3d at 138; see also Salamon v. Our Lady of Victory Hosp., 514 F.3d 217, 226 n. 9 (2d Cir.2008). “[T]he plaintiff must first establish a prima facie case of discrimination ... by showing that (1) she was within the protected ... group, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) that action took place in circumstances giving rise to an inference of discrimination.” Holtz, 258 F.3d at 76-77; see also Holcomb, 521 F.3d at 138. “ ‘By making out this minimal prima facie case, ... the plaintiff creates a presumption that the employer unlawfully discriminated, and thus places the burden of production on the employer to proffer a nondiscriminatory reason for its action.’ ” Holtz, 258 F.3d at 77 (quoting James v. N.Y. Racing Ass’n, 233 F.3d 149, 154 (2d Cir.2000)) (other internal quotation marks omitted); see also Holcomb, 521 F.3d at 138.
If and when the employer meets that burden of production, “ ‘the McDonnell Douglas framework ... disappears] and the sole remaining issue ... [is] discrimination vel non.’ ” Holtz, 258 F.3d at 77 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). The plaintiff must then prove the ultimate issues without any “benefit of ... intermediate burdens and presumptions.” M; see also Holcomb, 521 F.3d at 138. The plaintiff may satisfy this burden by showing “pretext,” i.e., that the employer’s proffered reason was false, see, e.g., Reeves, 530 U.S. at 143, 147, 120 S.Ct. 2097; but even in the absence of such a showing, a plaintiff may prevail by demonstrating that “an employment decision was motivated both by legitimate and illegitimate reasons,” Holcomb, 521 F.3d at 141-42; see, e.g., Reeves, 530 U.S. at 147, 120 S.Ct. 2097 (“Proof that the defendant’s explanation is unworthy of credence is simply one form *142 of circumstantial evidence that is probative of intentional discrimination .... ”); Holtz, 258 F.3d at 78.
“[I]f the record conclusively reveal[s] [a] nondiscriminatory reason for the employer’s decision, or if the plaintiff create[s] only a weak issue of fact [as to pretext] and there [i]s abundant and uncontrovert-ed independent evidence that no discrimination ha[s] occurred,” then the employer is entitled to judgment as a matter of law. Reeves, 530 U.S. at 148, 120 S.Ct. 2097; see also Richardson v. Comm’n on Human Rights & Opportunities, 532 F.3d 114, 125-26 (2d Cir.2008) (concluding that “overwhelming evidence” of legitimate reason for dismissal warranted judgment as a matter of law (internal quotation marks omitted)).
The plaintiffs make two broadly applicable arguments that the decision to discharge them in the context of the Department of Investigation’s (“DOI”) reduction in force was discriminatory. First, they point to evidence of certain “age related remarks” by high-level DOI employees. Comments can supply direct evidence of discrimination, see Stanojev v. Ebasco Servs., Inc., 643 F.2d 914, 921 (2d Cir.1981), but not without evidence connecting the remarks to the employment action at issue, see, e.g., Tomassi v. Insignia Fin. Group, Inc., 478 F.3d 111, 115-16 (2d Cir. 2007); Danzer v. Norden Sys., Inc., 151 F.3d 50, 56 (2d Cir.1998); Ostrowski v. Atl. Mut. Ins. Cos., 968 F.2d 171, 182 (2d Cir.1992). The plaintiffs lack such connecting evidence with respect to the alleged remarks by VanderNaalt. He is not linked, with evidence, to any adverse employment action. Moreover, because his comments and those of Brownell were, at best, only weakly probative of discriminatory intent, these comments alone do not suffice to defeat the motion for summary judgment.
The plaintiffs’ evidence of two comments by Green are more indicative of age-bias: Ledlum stated that Green asked at a meeting in which news of the layoffs was transmitted, “Do you think I would leave my young guys who are working, who are working real good[?]”; and Zaremski stated that Green said she was “too old” for Peace Officer training. Green was directly involved in the employment decisions at issue. But the testimony about each of these statements comes from one uncorroborated source, notwithstanding the fact that the comments were allegedly made to groups of people who could have been deposed. In addition, Ledlum could not recall the statement at the meeting with specificity, and the statement about Za-remski was made more than a year prior to the reduction in force. We therefore think they supply insufficient evidence of discrimination to defeat summary judgment.
Second, the plaintiffs argue that an inference of discrimination can be drawn from the fact that “the process” used by DOI “in the selection of [its] employees” for discharge “is suspect.” We disagree. Evidence that the reduction in force process was for some reason mismanaged does not necessarily raise an inference of discrimination. See Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir.1988). Similarly, the plaintiffs argue that DOI continued to hire during the layoff period, but they supply no evidence that the new hires went into positions similar, in level, unit, or duties, to those held by the plaintiffs. Lacking any such basis for comparison, the hire of young employees during a reduction in force does not raise an inference of discrimination. See Burger v. N.Y. Inst. of Tech., 94 F.3d 830, 833 (2d Cir.1996).
The plaintiffs also make an array of arguments that their particular discharges *143 were motivated by age, gender, or race discrimination. But generally they fail to point to anything more than speculation, hearsay and other inadmissible rumor, and conclusory allegations in this regard. While there is some evidence that Vander-Naalt instructed a supervisor to lower his draft evaluation of Reynolds, that evidence does not defeat summary judgment because a higher rating would not have prevented her layoff. Various plaintiffs attempt to establish an inference of discrimination by comparison to other workers who were retained, but they do- not establish that they were similarly situated enough with respect to those employees to warrant any such inference.
The district court properly dismissed the retaliation claims of Ledlum and Smith. Neither plaintiff points to any evidence that the DOFs failure to rehire him after his discharge had anything to do with his engaging in protected activity. We have considered the plaintiffs’ remaining arguments and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.